GUSTAV FETTERS v. WILLIAM F. ATKINSON ET AL.

[See 79 Mich. 575; 83 Id. 412.]

*Trust—Accounting—Costs.*

A trustee, to whom a chattel mortgage had been executed to secure certain of the mortgagor's creditors, took in payment for a portion of the mortgaged property, which he had sold to certain of the beneficiaries, their promissory note. He afterwards turned out the note to an unsecured creditor, who had recovered a judgment for less than the amount of the note against the trustee as garnishee of the mortgagor, under an agreement that the avails of the note should be applied, so far as necessary, in satisfaction of said judgment. The note was sued in the name of the trustee, a judgment recovered, and the amount thereof paid into court, whereupon one of

the makers filed a bill for an accounting, and to protect his interest in the surplus. And it is held that the unsecured creditor, to whom the note was turned out, had the right to take out of the proceeds of the judgment rendered thereon the costs and expenses, including attorney fees incurred in collecting said note.

Appeal from Wayne. (Lillibridge, J.) Argued October 10, 1894. Decided November 20, 1894.

Bill for an accounting. Complainant appeals. Decree dismissing bill as to defendant Swift affirmed. The facts are stated in the opinion, and in 79 Mich. 575, and 83 Id. 412.

*William Look* and *Ira G. Humphrey* (*Edwin F. Conely* and *Orla B. Taylor,* of counsel), for complainant.

*Charles M. Swift,* defendant *in pro. per.*

McGRATH, C. J. This proceeding grows out of *Atkinson v. Weidner,* 79 Mich. 575, 83 Id. 412. Complainant was one of the defendants in that suit, and now seeks to restrain the appropriation of the surplus remaining after the satisfaction of the Booss & Co. judgment. Defendant Swift was the attorney for Booss & Co., and he alone answers, setting up that—

" The defendant Atkinson, as the legal owner of the demand note hereinbefore referred to, had a right to collect the same, and to authorize this defendant to collect the same, and had a right to agree with this defendant to pay him for his services in the collection thereof, and, without express agreement, would be liable to pay therefor; and this defendant avers that, when he received said note from said Atkinson, it was understood and agreed between this defendant and said Atkinson that said note was in no sense received as payment or part payment of said claim of Booss & Co., but was to be sued for and in the name of Atkinson, and the avails applied on the claim of Booss & Co.

" There was no express agreement as to the payment of

this defendant for his services, but defendant insists that there was an implied agreement and liability on Atkinson's part to pay him the value of such services, and to reimburse him for his advances. This implied liability has been since recognized by said Atkinson, who has agreed that the said services of said defendant and the services of counsel employed by him are worth the sum of $1,800, and he recognized the defendant's lien for that amount, and has authorized him to retain that sum from the amount of such judgment, and apply the balance on the Booss judgment."

The makers of the note refused to pay the same, or any part thereof, and an expensive litigation became necessary. It is clear that, if Atkinson had brought the suit in the course of the execution of the trust, he would have been entitled, in an accounting, to a credit for services, and the costs and expenses of that litigation. If the makers of the note had paid the amount of the Booss & Co. judgment upon the note, the conduct of the trustee, and complainant's equities growing out of that conduct, and the other circumstances, would have been proper matters for consideration in a proceeding for the protection of the surplus; but they did not, and, inasmuch as Booss & Co. did only what Atkinson was entitled to do, they are entitled to take out of the proceeds of the note a reasonable compensation for so doing. No question is raised as to the reasonableness of the claim made.

The decree of the court below dismissing the bill as to defendant Swift is affirmed, with costs.

Long, Montgomery, and Hooker, JJ., concurred. Grant, J., did not sit.